**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| HECTOR FERNANDO LAINEZ GUEVARA, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Case No. CIV-26-1358-J |
| DEPARTMENT OF HOMELAND SECURITY, et al., | ) ) ) ) | |
| Respondents. | ) | |

## <u>REPORT AND RECOMMENDATION</u>

Petitioner Hector Fernando Lainez Guevara, a noncitizen[1] and Honduran national proceeding pro se, filed a Petition for Writ of Habeas Corpus ("Petition"), Doc. 1, challenging under 28 U.S.C. § 2241 his detention by U.S. Immigration and Customs Enforcement ("ICE"). United States District Judge Bernard M. Jones, II referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). Doc. 3. The undersigned set an expedited briefing schedule, Doc. 5, and the Petition is at issue. For the reasons set forth below, the undersigned recommends that the Court grant the Petition, Doc. 1, in part and order Respondents to provide Petitioner a bond hearing pursuant to 8 U.S.C. § 1226(a) within five business days or otherwise to release him if there is no hearing within that time.

---

[1] Unless quoting, this Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

## I.    <u>Background</u>

Petitioner, a citizen of Honduras, entered the United States on October 28, 2024, and applied for admission at the Brownsville, Texas Port of Entry.  Doc. 7-1 at 1 (Notice to Appear); Doc. 7-3 at ¶ 4 (ICE Officer Gustavo A. Hernandez Declaration).  Also on October 28, 2024, ICE placed Petitioner into removal proceedings before the Immigration Court pursuant to 8 U.S.C. § 1229a through the issuance of a Notice to Appear, and charged him with being inadmissible under 8 U.S.C. § 1182(a)(7)(A)(i)(I) as an immigrant without valid entry documents.  Doc. 7-1 at 1, 4.  Petitioner was also granted humanitarian parole pursuant to 8 U.S.C. § 1182(d)(5) and paroled into the United States for a period not to exceed April 24, 2026.  Doc. 7-3 at ¶ 4.

On April 20, 2026, ICE re-detained Petitioner pursuant to a warrant after he attempted to enter Tinker Air Force Base.  Pet. at 6; Doc. 7-2 at 2 (ICE Encounter Summary); Doc. 7-4 (Warrant for Arrest).  Petitioner alleges he was not given reason for the revocation of his release or afforded an interview to respond to the revocation.  Pet. at 6.  On April 24, 2026, Petitioner's parole expired and he did not request an extension of his parole period.  Doc. 7-3 at ¶ 6.  Respondents contend Petitioner is detained pursuant to 8 U.S.C. § 1225(b)(1).  Resp. at 4.  Petitioner did not allege he requested a bond hearing.  Such a request, though, would likely be futile because all Immigration Judges ("IJs") are subject to the binding precedent of *Matter of Yajure Hurtado*, 29 I & N Dec. 216 (BIA 2025), which holds those noncitizens who entered the country without admission or parole are ineligible for a bond hearing.

On June 17, 2026, an IJ ordered Petitioner removed to Honduras.  Doc. 7-5 at 1, 3 (IJ Order of Removal).  However, on June 24, 2026, Petitioner appealed the removal order to the Board of Immigration Appeals, and the appeal is currently pending.  *See* EOIR, Automated Case Information, *at* https://acis.eoir.justice.gov/en/ (last accessed July 31, 2026)*.*  Therefore, the removal order is not yet final under 8 C.F.R. § 1241.1.

When Petitioner filed his Petition, he was detained at Cimarron Correctional Facility in Cushing, Oklahoma.  Pet. at 1.  He remains detained there.  *See* ICE Online Detainee Locator System, *at* https://locator.ice.gov/odls/#/results (last visited July 31, 2026).

## II.    Petitioner's Claims

Petitioner asserts three counts in his Petition.

- **Count I: Violation of Due Process and ICE Regulations.**  Petitioner alleges his re-detention without notification of the reason for the revocation of his release and an interview to respond to the revocation violates due process and 8 C.F.R. § 241.4(l).  Pet. at 6.

- **Count II: Violation of the Immigration and Nationality Act ("INA").**  Petitioner alleges his re-detention without a warrant violates the INA.  *Id.*

- **Count III: Violation of the INA.**  Petitioner alleges his continued detention without an individualized bond redetermination hearing violates 8 U.S.C. § 1226(a).  Pet. at 6.

He asks the Court to "order [his] immediate release through an order of supervision, a bond hearing, or an alternative."  *Id.* at 7.

## III.    Standard of Review

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  "Challenges to immigration detention are properly brought directly through

3

habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

IV.    <u>Analysis</u>

A.    **Section 1226(a) applies to Petitioner's detention.**

The two sections of the INA at issue are 8 U.S.C. §§ 1225 and 1226. Section 1225(a)(1) describes an "applicant for admission" as "an alien present in the United States who has not been admitted or who arrives in the United States." *Id.* § 1225(a)(1) (citation modified). Section 1225(b)(1) "governs procedures for the inspection of aliens arriving in the United States who have not been admitted or paroled." *M.S.P.C. v. U.S. Customs & Border Prot.*, 60 F. Supp. 3d 1156, 1161 (D.N.M. 2014) (citing § 1225(b)(1)). Fundamentally, under § 1225(b)(1), a noncitizen who arrives at a port of entry and applies for admission is ordered removed "without further hearing or review" unless the noncitizen "indicates either an intention to apply for asylum" or expresses a fear of persecution. If Petitioner is subject to this "expedited removal" under § 1225(b)(1), he is not entitled to a bond hearing. But noncitizens detained under § 1225(b)(1)(B)(ii) can be paroled under 8 U.S.C. § 1182(d)(5)(A). On the other hand, Section 1226(a) more generally authorizes detention of a noncitizen pending removal proceedings and entitles the noncitizen to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

4

Petitioner alleges his continued detention without an individualized bond hearing violates § 1226(a).  Pet. at 6.  Respondents maintain Petitioner is properly detained under § 1225(b)(1).  Resp. at 4-7.

The Tenth Circuit recently rejected the statutory interpretation of § 1225 as urged by Respondents.  *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1235-49 (10th Cir. 2026).  In *Santillan Quiroz*, the Tenth Circuit concluded "those who entered the United States without admission and who have lived here since are categorically unable to seek admission while they remain in the country."  *Id.* at 1239 (citation modified).  Accordingly, "noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)."  *Id.* at 1237.  While *Santillan Quiroz* concerned a dispute over the proper interpretation of § 1225(b)(2)(A), not § 1225(b)(1), the Tenth Circuit acknowledged that "§ 1225(b)(1) . . . is also limited to the border."  *Id.* at 1245.

Further, it is undisputed when Petitioner was re-detained on April 20, 2026, he was in Oklahoma, more than 700 miles away from the Brownsville Port of Entry and more than one year after he initially entered the country.  Pet. at 6; Resp. at 2.  The undersigned finds it implausible under these circumstances that Petitioner remains an "arriving alien."  Under § 1225(b)(1), "someone arriving in the United States is someone who has reached the border or a port of entry."  *Rafibaev v. Noem*, No. 26-CV-00461, 2026 WL 607559, at *3 (D. Colo. Mar. 4, 2026) (citation modified).  Thus, "upon his parole into the interior of the country, petitioner had arrived in the United States and was no longer a noncitizen *arriving* in the United States."  *Id.* (emphasis added) (citation modified).

5

Judges in this District, including this Court, have found where a "Petitioner was paroled into the United States, permitted to reside in the interior of the country for several years, pursued his asylum application, and complied with the conditions of his release before being re-detained," his "detention is mo[st] naturally characterized as detention 'pending a decision on whether the alien is to be removed from the United States' within the meaning of § 1226(a)." *Zhakhonov v. Grant*, No. CIV-26-350-J, 2026 WL 1865418, at *3 (W.D. Okla. June 29, 2026); *see also Rebolledo v. Figueroa,* No. CIV-26-958-J, 2026 WL 2138027, at *2 (W.D. Okla. July 24, 2026) (finding a noncitizen detained after revocation of § 1182(d)(5) humanitarian parole is held pursuant to § 1226(a)); *Kumar v. Johnson*, No. CIV-26-352-J, 2026 WL 937560, at *2 (W.D. Okla. Apr. 7, 2026) (finding "Petitioner's detention does not arise from any ongoing entry or inspection process, but from ICE's decision to place him in removal proceedings" and "in that posture, detention is properly understood as detention pending a decision on whether the alien is to be removed, which falls within Section 1226(a), notwithstanding Petitioner's initial classification at the time of entry." (citation modified)).

Therefore, based on Tenth Circuit precedent and consistent with this Court's prior decisions, the undersigned recommends the Court apply § 1226(a) to govern Petitioner's current detention and order a bond hearing. *See, e.g, Rebolledo*, 2026 WL 2138027, at *2 ("Because Petitioner's detention is governed by § 1226(a), the Court concludes the proper remedy in this case is an individualized bond hearing before an Immigration Judge exercising jurisdiction under § 1226(a)."); *Imami v. Lyons*, No. CIV-26-566-J, 2026 WL 1896142, at *1-2 (W.D. Okla. July 1, 2026) (holding in accordance with *Santillan Quiroz*

that a petitioner found within the United States is entitled to a bond hearing under § 1226(a)).

### B.    The proper remedy is a bond hearing.

Petitioner seeks his "immediate release" or, alternatively, "a bond hearing." Pet. at 6.   The undersigned concludes a bond hearing is the proper remedy for a noncitizen detained under § 1226(a).  *See Santillan Quiroz,* 180 F.4th at 1251 n.13; *see also Imami*, 2026 WL 1896142, at *2 (concluding "the appropriate remedy" is for "Respondents to provide Petitioner a bond hearing pursuant to 8 U.S.C. § 1226(a)").  Further, Judges in this District, including this Court, have consistently declined to order burden shifting.  *See, e.g., Singh v. Grant*, No. CIV-26-279-J, 2026 WL 1035100, at *1-2 (W.D. Okla. Apr. 16, 2026) (declining to reach petitioner's due process claims and concluding burden shifting to the government in a § 1226(a) bond hearing is premature and not ripe for adjudication before a bond hearing has been conducted).  Therefore, the Court should grant the Petition in part and order Respondents to provide Petitioner with a bond hearing under § 1226(a) before a neutral IJ within five business days or otherwise release him if he does not have a lawful bond hearing within that period.[2]

### C.    The Court should decline to address Petitioner's remaining claim.

Petitioner also argues his detention violates his right to due process and ICE

---

[2] While Judges in this District, including the undersigned, have considered release for noncitizens whose earlier humanitarian parole under § 1182(d)(5) was improperly revoked, the undersigned concludes here Petitioner has not sufficiently raised a claim alleging the circumstances of his parole revocation and re-detention entitle him to release rather than a bond hearing.  *Accord Ewere v. Cerna*, No. CIV-26-320-SLP, 2026 WL 1207088, at *2

regulations.[3]  Pet. at 6.  If the Court grants Petitioner's requested relief for a bond hearing

under § 1226(a), the undersigned recommends the Court decline to decide the merits of

Petitioner's due process claim based on his continued detention.  *See, e.g.*, *Coreas*, 2026

WL 541151, at *2 (declining to decide the merits of a petitioner's due process claim when

granting a bond hearing pursuant to § 1226(a)).[4]

V.    **Recommendation and Notice of Right to Object**

       For the foregoing reasons, the undersigned recommends that the Court **GRANT in**

**part** the Petition for habeas relief by ordering Respondents to provide Petitioner with a

bond hearing under 8 U.S.C. § 1226(a) within five business days or otherwise release

Petitioner if he has not received a lawful bond hearing within that period.

---

(W.D. Okla. May 4, 2026) (ordering release where ICE improperly revoked petitioner's prior humanitarian parole).  Further, this Court has recently found in analogous circumstances that termination of humanitarian parole under § 1182(d)(5)(A) provides "no avenue for relief." *Todyrenchuk v. Warden of Diamondback Corr. Facility*, No. CIV-26-1243-J, 2026 WL 2186977, at *2 n.2 (W.D. Okla. July 29, 2026).  It is also undisputed that Petitioner's parole expired while in ICE custody, and this Court has "reject[ed] the conclusion that Petitioner remained on humanitarian parole even after it automatically terminated," meaning he "was not entitled to written notice of the termination of his parole, nor was he entitled to any individualized determination." *Valdovinos v. Warden*, No. 26-924-J, Order, Doc. 12, at 4 (W.D. Okla. July 30, 2026).  Accordingly, the undersigned does not address such a claim or recommend Petitioner's release on that basis.

[3] To the extent Petitioner alleges Respondents violated 8 C.F.R. § 241.4, that regulation governs detention of noncitizens subject to a final order of removal. *See Kumar v. Mullin*, 2026 WL 1139601, at *2 (D. Colo. Apr. 24, 2026) ("The release and revocation of release of noncitizens subject to a final order of removal are governed by 8 C.F.R. §§ 241.4 and 241.13." (citation modified)).  Petitioner, though, has a pending appeal with his immigration proceedings and is not yet subject to a final order of removal.

[4] To the extent Petitioner alleges he was detained without a warrant in violation of 8 U.S.C. § 1226(a), *see* Pet. at 6, Respondents provided Petitioner's arrest warrant dated April 20, 2026—the same day of his re-detention.  Doc. 7-4 (Warrant for Arrest).

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636.  Any objection must be filed not later than **August 7, 2026**.  *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 31st day of July, 2026.

                                    CHRIS M. STEPHENS
                                    UNITED STATES MAGISTRATE JUDGE