**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| HECTOR FERNANDO LAINEZ GUEVARA,<br><br>Petitioner,<br><br>v.<br><br>DEPARTMENT OF HOMELAND SECURITY, et al.,<br><br>Respondents. | ) | Case No. CIV-26-1358-J |

**ORDER**

Petitioner Hector Fernando Lainez Guevara, a citizen of Honduras proceeding pro se, is currently in the custody of the U.S. Immigration and Customs Enforcement (ICE). He has filed a Petition for Writ of Habeas Corpus. (Petition) [Doc. No. 1]. The matter was referred to United States Magistrate Judge Chris M. Stephens who issued a Report and Recommendation [Doc. No. 9] recommending that the Court grant the Petition in part and order Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days or otherwise release Petitioner if he has not received a bond hearing within that period. Respondents filed a timely Objection (Obj.) [Doc. No. 10], triggering de novo review as to the portions of the Report and Recommendation to which a specific objection is made. *See* Fed. R. Civ. P. 72(b)(3); *Quint v. Vail Resorts, Inc.*, 89 F.4th 803, 808 (10th Cir. 2023). Petitioner filed a Response to Respondents' Objection. (Resp.) [Doc. No. 11]. For the reasons discussed below, the Report and Recommendation is ADOPTED and the Petition is GRANTED IN PART.

## I. Background

On October 28, 2024, Petitioner entered the United States and applied for admission at the Brownsville, Texas Port of Entry. [Doc. Nos. 7-1 & 7-3]. That same day, ICE placed Petitioner

into removal proceedings through the issuance of a Notice to Appear charging him as inadmissible under 8 U.S.C. § 1182(a)(7)(A)(i)(I). [Doc. No. 7-1]. Petitioner was granted humanitarian parole under 8 U.S.C. § 1182(d)(5)(A) for a period not to exceed April 24, 2026. [Doc. No. 7-3 ¶ 4]. On April 20, 2026, Petitioner was re-detained by ICE after he mistakenly attempted to enter Tinker Air Force Base while driving to work. [Doc. Nos. 7-2 & 7-4]. In June 2026, an Immigration Judge ordered Petitioner removed, but that order is not yet final as the Automated Case Information generated by the Executive Office for Immigration Review states a "case appeal was received on June 24, 2026. It is currently pending." *See* https://acis.eoir.justice.gov/en/caseInformation (last accessed August 20, 2026). Petitioner filed this habeas action in June 2026, arguing that his detention violates the Fifth Amendment, ICE's Regulations, and the Immigration and Nationality Act (INA). As relief, Petitioner seeks immediate release or, alternatively, a bond hearing.

## II. <u>Report and Recommendation</u>

Upon review, Judge Stephens concludes that Petitioner's current detention is governed by 8 U.S.C. § 1226(a), rather than 8 U.S.C. § 1225(b)(1), because he was detained in the interior of the United States more than one year after his initial entry. Consistent with this Court's prior decisions and the Tenth Circuit's observation in *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026), that "§ 1225(b)(1) . . . is also limited to the border," Judge Stephens recommends that Petitioner be afforded a bond hearing under § 1226(a). Rep. & Rec. at 4–7. Judge Stephens further recommends the Court should decline to address Petitioner's remaining claims. *Id.* at 7–8.

## III. <u>Analysis</u>

Respondents object to Judge Stephens' conclusion that § 1226(a) controls Petitioner's detention. Obj. at 3–6. Specifically, Respondents assert that a noncitizen entering at a port of entry is an arriving alien under § 1225(b)(1) and that humanitarian parole does not disturb that

status. Although employing a de novo review, the Court declines to engage in lengthy analysis. This Court, and indeed many others in this district and nationwide, have concluded that § 1226(a) controls in this situation. *See, e.g., Ismanov v. Grant*, No. CIV-26-453-HE (W.D. Okla. Apr. 24, 2026); *Zhakhonov v. Grant*, No. CIV-26-350-J, 2026 WL 1865418, at *3 (W.D. Okla. June 29, 2026) (collecting cases); *Ochilov v. Grant*, No. CIV-26-526-R, 2026 WL 1896139, at *2 (W.D. Okla. July 1, 2026); *Pena Rebolledo v. Figueroa*, No. CIV-26-959-SLP, 2026 WL 2211681, at *1 & n.1 (W.D. Okla. July 31, 2026) (considering a materially similar objection, collecting cases, and distinguishing authorities on which Respondents rely here); *Bello Rodriguez v. Diamondback Installation*, No. CIV-26-1188-D, 2026 WL 2364679, at *1–2 (W.D. Okla. Aug. 14, 2026).

Under the facts presented here, the Court finds Petitioner's detention is most naturally characterized as detention "pending a decision on whether the alien is to be removed from the United States" within the meaning of 8 U.S.C. § 1226(a). *See Rafibaev v. Noem*, No. 26-CV-00461-PAB, 2026 WL 607559, at *2 (D. Colo. Mar. 4, 2026) ("[W]here petitioner has been released on parole pursuant to § 1182(d)(5)(A) for nearly two years, it is illogical to suggest that his re-detention is governed by § 1225(b)(1), which . . . governs procedures for the inspection of aliens arriving in the United States who have not been admitted or paroled.") (citation modified).[1] Because Petitioner's detention is governed by § 1226(a), the Court concludes the proper remedy in this case is not immediate release, but an individualized bond hearing before an Immigration Judge exercising jurisdiction under § 1226(a).[2]

---

[1] The "Warrant for Arrest of Alien" issued for Petitioner invokes a provision of the INA codified at 8 U.S.C. § 1226 and was issued based on "the pendency of ongoing removal proceedings" against Petitioner. [Doc. No. 7-4].

[2] Because the Court grants Petitioner relief on this issue, it declines to address his remaining claims. *See* Rep. & Rec. at 7–8.

## IV. Conclusion

For the reasons above, the Report and Recommendation [Doc. No. 9] is ADOPTED and Petitioner's Petition for Writ of Habeas Corpus is GRANTED IN PART in so far as it alleges Respondents violated the Immigration and Nationality Act. The Court ORDERS Respondents to provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within five business days of the date of this Order, or release Petitioner if no hearing occurs within that period. Respondents shall certify compliance within ten days of the date of this Order.

A separate judgment will enter.

IT IS SO ORDERED this 20th day of August, 2026.

BERNARD M. JONES, II
UNITED STATES DISTRICT JUDGE